UNITED STATES of America,
Plaintiff-Appellee,

v.

ONE 1978 PIPER NAVAJO PA–31, AIR-CRAFT, etc., Defendant-Appellant.

No. 84–3181
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1984.

Lewis O. Unglesby, Baton Rouge, La., for defendant-appellant.

Stanford O. Bardwell, Jr., U.S. Atty., Shelly Zwick, Merrick J. Norman, Jr., Asst. U.S. Attys., Baton Rouge, La., Hattie M. Broussard, U.S. Customs, Asst. Reg. Counsel, New Orleans, La., for plaintiff-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

This is an appeal from the denial of a Fed.R.Civ.P. 60(b) motion to set aside a default judgment in an action for forfeiture *in rem.* Finding no abuse of the district court's discretion in denying the motion, we affirm.

On March 7, 1983, defendant One 1978 Piper Navajo PA–31 Aircraft was seized by officers of the United States Customs Service. In its complaint for forfeiture, the Government alleged that the aircraft was used in connection with the transportation, importation, sale, possession, and concealment of contraband[1] and was therefore subject to forfeiture to the United States under 21 U.S.C. § 881(a)(4), 19 U.S.C. § 1595a(a), and 49 U.S.C. § 782. Further, because the aircraft departed the United States, reentered, and landed at Ryan Field Airport, Baton Rouge, Louisiana, without requesting permission to land or giving advance notice of its entry, in violation of federal aviation regulations,[2] the aircraft was subject to forfeiture under 49 U.S.C. §§ 1474, 1509 and 19 C.F.R. § 6.11.

Pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims,[3] the clerk of the district court issued a warrant of arrest for service on the defendant aircraft ordering the United States marshal to direct the defendant to appear, in accordance with Rule C(6), within ten days of service of the notice to interpose a claim. The defendant was also directed to file a responsive pleading either within twenty days of filing the claim or within thirty days of service, whichever was less. *See* Supplemental Rules for Certain Admiralty and Maritime Claims, Rule B(3).

The warrant and complaint were served on the property. The Government attempted to serve personally C.M. Medina, the last registered owner of the aircraft, and Robert L. Watkins, the pilot of the aircraft on March 7, 1983, but was unsuccessful. Notification of the arrest was published pursuant to Rule C(4) on December 16, 1983, with a return date for filing verified claims and answers of January 16, 1983. (The notice should have read that the return date was in 1984; however, claimant has not asserted that this error constituted a defect in the service.) Two other parties, John Comish and H. Lee Bauman, attorney for I.C.E., Inc., were served by mail on December 13 and 14, 1983. No responsive pleadings being filed, on January 18, 1984, default was entered against the aircraft, and on motion of the Government, default judgment was ordered. *See* Fed.R.Civ.P. 55(a) and (b).

On January 18, 1984, I.C.E., "a Florida corporation to be formed," attempted to file an answer and unverified notice of claim. The answer and notice of claim were stamped as received on that date, but were refused by the clerk of the district court because the original counsel, H. Lee Bauman, was not admitted to practice before the Middle District of Louisiana. Attorney Lewis O. Unglesby, local counsel, filed an answer and notice of claim on January 30, 1984, as well as a motion to reconsider the default judgment. Finding no excusable neglect for the delay in filing responsive pleadings, the district court denied the motion.

*Standard of Review*

Fed.R.Civ.P. 60(b) permits relief for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. The district court may:

---

1. In violation of 21 U.S.C. § 952 and 49 U.S.C. § 781.

2. *See* 19 C.F.R. § 6.2(a)–(b) (1984).

3. The Supplemental Rules also apply to the procedure in statutory condemnation proceedings analogous to maritime actions *in rem,* whether or not within the admiralty or maritime jurisdiction. *See* Supplemental Rules for Certain Admiralty and Maritime Claims, Rule A; *see also* 21 U.S.C. § 881(d) ("provisions of law relating to ... condemnation of property for violation of the customs laws" are applicable to forfeiture proceedings under this section).

in the exercise of a sound discretion, ... refuse to grant relief from the default judgment where no meritorious defense is shown; where the defendant wilfully or carelessly disregards the court's process ...; where neglect of counsel ... is not excusable; and where good faith is lacking or in some other respect justice would not be furthered.

6 J. Moore, W. Taggart, J. Wicker, Moore's Federal Practice ¶ 55.10[2] at 55–244 (1983).

 To merit relief in the instant case, those claiming ownership in the aircraft needed to prove both that their failure to timely answer or otherwise defend was due to justifiable neglect and that they had a defense to the forfeiture which would probably have been successful. *United States v. $22,640.00 in United States Currency,* 615 F.2d 356, 360 (5th Cir.1980). "It is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so *unwarranted,* as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981) (emphasis in original). While Rule 60 is to be liberally construed in the context of a judgment of default in view of the absence of a trial on the merits, *id.* at 403, our inquiry is limited to whether the district court abused its discretion in denying the motion. *Verret v. Elliot Equipment Corp.,* 734 F.2d 235, 237 (5th Cir.1984).

### Excusable Neglect

In its motion to set aside the default judgment, claimant I.C.E. asserted that the delay in filing responsive pleadings was justifiable because: it acted quickly to correct its error by filing its pleadings once it retained local counsel; it was occupied with advancing its claim administratively with the United States Customs Service from May 1983, and had no notice that the matter had been referred to the United States Attorney; the United States did not serve the complaint on I.C.E.'s counsel until December 1983; counsel's "pressing business considerations and his secretary's absence for maternity leave;" and reliance upon a telephone communication with the United States Attorneys' Office in which counsel was allegedly told that a default judgment would not be sought and that counsel should file his papers immediately.

 On appeal, I.C.E. contends that the district court should not have granted the Government's motion for default judgment on January 18, because on that day I.C.E. attempted to file pleadings but was turned away for failure to comply with a local court rule.[4] This argument is without merit. The order directing notice by publication and the publication notice specifically required all interested persons to file verified claims and answers within thirty days of the date of publication, *i.e.,* by January 16, 1984. Hence, even if the January 18 submission of the unverified claim and answer had been accepted and filed by the district court's clerk, it still would not have been filed within the time allotted by the court.[5]

I.C.E. further contends that the Government misled its attorney into believing that a default judgment would not be pursued and that counsel had time to file its pleadings. We do not view this as a justifiable reason for the delay. Apparently, I.C.E. did not request an extension of time from the court. Further, the Government's at-

---

4. It is settled law that a district court may order entry of a default for failure to comply with court rules of procedure. *See, e.g., McGrady v. D'Andrea Electric,* 434 F.2d 1000, 1001 (5th Cir. 1970).

5. We are unpersuaded by I.C.E.'s contention that because it was served by mail, the terms of Fed.R.Civ.P. 6(e) provided it with three additional days to file an answer after expiration of the 30-day period. The district court's order clearly stated that filing was required within 30 days of the date of publication. The Federal Rules of Civil Procedure apply to actions *in rem* "except to the extent that they are inconsistent with" the Supplemental Rules. Rule A, Supplemental Rules for Certain Admiralty and Maritime Claims. The publication notice directed interested parties to "appear no later than [January 16, 1984] and file a written verified claim, answer or other defense...." Record at 36. This was proper under Rule C(4) of the Supplemental Rules.

torneys have attested that no one in the United States Attorneys' Office advised I.C.E.'s attorney anything to this effect.

In sum, I.C.E. has failed to advance a justifiable reason for its failure to timely interpose a claim. Counsel's assertions of office workload and of concentration on the administrative proceedings to the detriment of filing an answer and claim are insufficient to set aside the default judgment. While neglect of counsel should not necessarily cause a party to lose valuable property without a hearing, *see Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980), I.C.E. had proper notice of the forfeiture proceedings, failed to appear to defend, did not request an extension of time from the court, and has not shown sufficiently why it did not comply with the notice. Thus, the district court did not abuse its discretion in finding no excusable neglect.

### Meritorious Defense

■ The Government asserts that even assuming I.C.E. had a justifiable reason for its failure to file a timely claim, the claimant could not succeed on the merits because it lacks standing to assert a claim. Indeed, a party seeking to challenge the Government's forfeiture must "demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture." *United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in United States Currency*, 661 F.2d 319, 326 (5th Cir.1981).

■ I.C.E. never filed a verified claim. Rule C(6) clearly requires that the claim "be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action." *See* 7A J. Moore & A. Pelaez, Moore's Federal Practice ¶ C.16 at 700.16 (1983). The claim is signed by attorneys Bauman and Unglesby, but the affidavit attached, to be completed by "an authorized representative of I.C.E., (a Florida corporation to be formed)" is not signed. There is no indication that I.C.E. has ever

attempted to amend the claim to provide verification. In addition, its notice of claim concedes that as of the date of forfeiture the aircraft was registered to C.M. Medina. I.C.E. asserts, however, that it "was the beneficial owner as well as the legal owner" of the aircraft at the relevant time, although admittedly "for a rather short period of time, from the date of purchase" before the seizure. Bare legal title by one who does not exercise dominion and control over the property has been held insufficient to establish ownership. *See United States v. One 1945 Douglas C–54 (DC–4) Aircraft*, 604 F.2d 27, 28 (8th Cir.1979), *cert. denied*, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982).

■ I.C.E. attempts to supplement the record on appeal with attachments to its brief, including a bill of sale, to evidence the transfer of the aircraft from Medina to I.C.E. of Miami, Florida, and a certificate of registration of the aircraft in the name of I.C.E. with the Federal Aviation Administration. An appellate court will not consider evidence that was not presented to the trial court. *See Local Union No. 59, International Brotherhood of Electrical Workers v. Namco Electric Co.*, 653 F.2d 143, 146 (5th Cir.1981).

Even if I.C.E. had standing to assert a claim, it has failed to present a meritorious defense. I.C.E. has advanced no factual allegations to belie the Government's complaint, but merely has in its answer denied that the aircraft was used in the fashion alleged, and has stated, in the alternative, that if the aircraft were used in violation of federal law, it was without the knowledge or consent of I.C.E. The motion to vacate the default merely posits that "[t]he Court should now have an opportunity to review the merits of the forfeiture, which counsel is informed and believes to be erroneous." These conclusory allegations are insufficient to establish that there is a fair probability of success on the merits if the judgment were set aside. When there is no necessity for a hearing on a forfeiture, there is no need to set aside a default judgment.

Because I.C.E. has failed to show excusable neglect for its failure to interpose a claim and answer in a timely fashion and has failed to advance a meritorious defense, it cannot be said that the district court abused its discretion in denying the motion to reconsider the default.[6]

Accordingly, the judgment of the district court is

AFFIRMED.

---

**6.** It should also be noted that this Court has considered the other contentions raised by claimant in this appeal and have found them to be without merit.