In re Moses MUZQUIZ, Jr., Debtor.

W. Steve SMITH, Trustee, Plaintiff,

v.

George WEISSFISCH, Individually and as Trustee, Pasadena Internal Medicine and Cardiology Clinic, Inc., Bob L. Plyler, a/k/a Bobbie Lee Plyler, as Trustee, Moses Muzquiz, Jr., Carra Muzquiz, a/k/a Carra Elaine Leonard, Moses Muzquiz, III, Sylvia Muzquiz, Daniel K. Trevino, as liquidating Trustee of American National Bank, Bob L. Plyler and Paulette Plyler, Individually, Defendants.

Bankruptcy No. 82–01953–H3–6.
Adv. No. 83–2597–H3.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

June 1, 1990.

Charles E. Long, Woodard, Hall & Primm, Houston, Tex., for trustee.

Arnold Schafer, Schafer & Weiner, Birmingham, Mich., for debtor.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for consideration the Motion To Set Aside Default Judgment filed by Debtor, Moses Muzquiz, Jr., and the Trustee's Motion for Sanctions contained in his Response To Moses Muzquiz, Jr.'s Motion To Set Aside Default Judgment and after considering the pleadings and memoranda, the court makes the following findings of fact and conclusions of law and enters a separate Judgment in conjunction herewith denying Debtor's Motion. To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

The court takes judicial notice of the docket sheets and of its own orders in this adversary proceeding and in the Debtor's

main case as well as of certain pleadings herein identified by Docket Number or date, and of the record of the hearing before the court on September 10, 1987.

On December 23, 1983, the Chapter 7 Trustee filed a complaint against the Debtor, among others, seeking a denial of discharge and recovery of various fraudulent transfers made by Debtor. On February 13, 1984 the Debtor filed an answer to the complaint. The Debtor thereafter consistently and intentionally refused to participate in discovery efforts or be examined by the Trustee. See Docket Sheet, Adversary 83–2597–H3, and discussion below. On January 6, 1988 a Judgment was entered against defendant Debtor disposing of the above referenced adversary action. The Judgment granted the Trustee the relief requested in the complaint.

Debtor is a medical doctor who sought the protection of Bankruptcy in the Southern District of Texas, refused to cooperate with Trustee or to make his assets available to his creditors as is required by the Code, and thereafter moved to Michigan, there to rejuvenate his finances by continued practice of his profession, and continued failure to advise his creditors, the court, and the Trustee of his whereabouts.

The Debtor's failure to cooperate or to appear before this court began soon after the initial complaint was filed by the Trustee. On January 23, 1985 Trustee filed his "Notice of Oral Deposition" of the Debtor (Docket No. 31) scheduling the initial deposition for February 5, 1985. Subsequent to the deposition date, on February 13, 1985, Debtor filed a Motion for Protective Order (Docket No. 35). Trustee then filed a Motion to Compel Attendance at Deposition and For Sanctions along with a Response to The Debtor's Motion for Protective Order (Docket Nos. 37 and 46). On May 1, 1985, this court held a hearing on the above Motions resulting in the court's approving an Agreed Order entered into between the Trustee and Debtor wherein the Debtor specifically consented to being deposed in Houston, Texas and to payment of sanctions to the Trustee in the amount of $130.00 (Docket No. 48). Pursuant to the Agreed Order, Debtor was to have paid the sanctions by May 14, 1985, and by June 7, 1985 was to have chosen a date for the taking of his deposition, which was to have been held sometime before August 1, 1985. The record shows that Debtor subsequently failed to pay sanctions and refused to choose a deposition date.

On June 26, 1985, Trustee again filed a Motion for Contempt and Additional Sanctions (Docket No. 49). The court scheduled a hearing on this Motion for August 30, 1985 (Docket No. 50). Thereafter, on August 16, 1985 the Debtor filed another Motion for Protective Order and Other Relief alleging that subsequent to the agreement setting a deposition date, the Debtor had moved to Michigan, and that health problems precluded his attendance (Docket No. 52). Before the August 30, 1985 court hearing, Trustee filed a Second Motion for contempt and additional sanctions (Docket No. 56) which Motion was scheduled for hearing on October 15, 1985. At the hearing held by the court on August 30, 1985, the court found the Debtor to be in contempt for failure to pay the previous sanctions of $130.00. In addition, the court found the letter from Debtor's doctor concerning his health problems inconclusive and unconvincing and not directly related to the Motion that was under consideration. Due to the nonappearance of Debtor and his counsel at that hearing, the court set show cause hearings for October 15, 1985. (Minutes of Court's hearing, entered September 9, 1985.)

On October 15, 1985 the court held a hearing on its show cause Orders and the Trustee's Second Motion for Contempt. The court awarded the Trustee the amount of $3,500.00 in stipulated sanctions against the defendant with payment to have been made on or before October 31, 1985. In addition, Debtor was to make himself available for deposition on or before that same date. The court also ruled that failure of the Debtor to do either would result in striking of pleadings and a default judgment. (See Docket No. 71.)

Thereafter, the court modified the date for the taking of the deposition and the

Debtor was directed to appear on or before November 30, 1985. (Docket No. 66.) Debtor never paid the sanctions award and refused and failed to appear for the deposition without explanation. As a result, the Trustee moved for entry of default against Debtor, among others. This was granted by the court on June 26, 1986 (Docket No. 78) with all parties being duly notified. Thereafter, a Notice of Trial setting was properly served on Debtor, at two different addresses, on August 8, 1987 scheduling same for September 10, 1987, at which time Debtor again failed to appear. (Docket Nos. 137, 151, & 174.)

The Trustee put on evidence, and oral findings of fact and conclusions of law were made pursuant to Federal Rules of Civil Procedure 52 and Bankruptcy Rule 7052. Thereafter, the court signed its Final Judgment dated January 6, 1988 with all parties being duly notified of same. (Docket No. 173.) On February 28, 1990, over two years after entry of Final Judgment, Debtor filed the present Motion. (Docket No. 175.)

■ Debtor claims that, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), the Judgment entered against Debtor should be set aside as the result of the Debtor's excusable and justifiable neglect consisting of: lack of effective representation; the court's reliance upon a biased witness; and lack of adequate notice of the ongoing activities in the case. Debtor's Motion is untimely. In addition, none of the allegations or reasons asserted by Debtor for setting aside the Judgment have any validity or merit.

Debtor claims he had ineffective counsel as his attorney did not amend the court records with his new address, allegedly resulting in Debtor's not having received actual notice. It is clear from the pleadings and court record that Debtor was sent notice of court settings. It is Debtor's responsibility to make certain his address is accurate. If Debtor delegated that responsibility to his attorney who in turn was negligent, then his recourse would be a claim against that attorney. Service and notice were not defective when Debtor had failed to notify the court, his Trustee and his creditors of a new address. Bankruptcy Rule 7004(b)(9).

Debtor has submitted no evidence to substantiate his allegations of ineffective counsel other than his self-serving affidavit attached to the Motion To Set Aside Judgment. Further, Debtor's allegations of ineffective counsel are the more baseless where, as here, prior pleadings reflect that Debtor's previous attorney raised the same arguments and objections as to the Trustee that are now being offered by present counsel.

■ An attorney's negligence does not constitute excusable neglect within the meaning of F.R.C.P. 60(b)(1). *United States v. One 1978 Piper Navajo PA–31 Aircraft*, 748 F.2d 316, 318 (5th Cir.1984). Further, courts that have considered an attorney's gross negligence as grounds for relief under Rule 60(b)(6) have held that it is the client's responsibility to be diligent in keeping up with their lawsuit. *Inryco, Inc. v. Metropolitan Engineering Co.*, 708 F.2d 1225 (7th Cir.1983); *United States v. Cirami*, 535 F.2d 736 (2nd Cir.1976). Even taking Debtor's allegations as true that his prior counsel "simply stopped communicating the events of the case and disappeared," case law dictates that it is Debtor's responsibility to ascertain the status of the case against him and take whatever action is necessary to keep up with his case. Debtor failed to do this and only came forward over two years after the Judgment in question.

There is no merit to Debtor's allegations concerning the court's reliance on a biased witness. This court specifically found the Trustee's witness credible after hearing sworn testimony at the trial. Other than the Debtor's self serving affidavit, allegations made by the Debtor as to the witness' bias are totally unsubstantiated by any evidence.

In addition, Debtor admits in deposition testimony taken on March 27, 1989 that he was in fact informed by his previous attorney of the entry of default against him in 1986. (Ex. C, pgs. 48–50 attached to Trustee's Response, Docket No. 180.) Even with

this knowledge, Debtor again failed to take any action in connection with his case.

■ Under Federal Rule of Civil Procedure 60(b) a motion to set aside a judgment for the reasons alleged by Debtor (excusable, justifiable neglect) "shall" be made not more than one year after the judgment, order, or proceeding was entered or taken. The Final Judgment was signed January 6, 1988 and entered January 13, 1988, more than two years prior to Debtor's filing his Motion To Set Aside Judgment. Thus, Debtor's Motion was not timely. Although Debtor claims in his Memorandum that his Motion is based upon reasons which would require the Motion to be made "within a reasonable time" per Rule 60(b) (i.e., void, satisfied, released, discharged judgment, or any other reasons justifying relief) there are no allegations or facts set forth by Debtor to support these reasons. Even if there were, Debtor still failed to take any action for over one year from the date he claims he was made aware of the Judgment. This time lapse is not reasonable.

■ Debtor is attempting to relitigate aspects of this case that were decided by this court more than four (4) years ago. Pursuant to Trustee's request for sanctions and in view of the facts discussed above and the Trustee's necessary costs of court in responding to the instant Motion, and the cost to the court system, this court awards sanctions in the amount of $2,000.00 to the Trustee for the benefit of the estate.

Based upon the foregoing, this court finds that the Debtor's Motion To Set Aside Default Judgment should be denied and that the Trustee's request for sanctions contained in his response to the Debtor's Motion should be granted in the sum of $2,000.00, to be paid within eleven (11) days of entry hereof. A separate Judgment will be entered by the court pursuant to the court's findings of fact and conclusions of law.