In re William C. SCHNELL, Debtor.

William C. SCHNELL, Appellant,

v.

Judith SCHNELL; Eric Schnell; Lauren Schnell; and Suzanne Schnell, Appellees.

William C. SCHNELL, Appellant,

v.

Eric SCHNELL; Lauren Schnell; and Suzanne Schnell, Appellees.

Civ. A. Nos. 92–10659–Z, 92–10660–Z.

United States District Court, D. Massachusetts.

Nov. 13, 1992.

William C. Schnell, pro se.

Charles Peter Gamer, Flynn & Clark, Cambridge, MA, for appellant.

Jonathan Levin, Garrity & Levin, Boston, MA, for appellee.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Appellant William Schnell appeals the default judgments entered by the United States Bankruptcy Court on February 10, 1992.[1] This appeal is taken as a matter of right under Bankruptcy Rule 8001(a).

Both default judgments were entered as a result of appellant's failure to appear at a pre-trial conference scheduled for October 21, 1991, concerning two adversary proceedings against appellant for a determination of non-dischargeability of debts owed to his three children and former wife.[2] Appellant was served with the complaint, along with a summons and notice of the pre-trial conference, on or about April 4, 1991.[3] He filed a motion to dismiss the complaint on April 18, 1991 (the deadline specified in the summons).

Appellant failed to appear at the October 21 conference. On December 16, 1991, appellees moved for entry of default judgment in each proceeding; the default judgments were entered on February 10, 1992. Appellant claims that he was unable to attend the pre-trial conference because of a conflicting appearance in the Probate Court. He states that he arrived at the Bankruptcy Court forty minutes after the appointed time. A letter from Attorney James L. Sullivan to Judge Carol Kenner, U.S. Bankruptcy Court, dated December 12, 1991, confirms that Mr. Schnell was requested to appear in Probate Court on the same day as the pre-trial conference.

▮▮▮ The power to grant a default judgment is within the broad discretion of the trial court; however, default judgments are generally disfavored, and cases should be tried on their merits whenever possible. *Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir.), *cert. denied*, 493 U.S. 891, 110 S.Ct. 237, 107 L.Ed.2d 188 (1989); *Affanato v. Merrill Bros.*, 547 F.2d 138, 140 (1st Cir.1977). A bankruptcy court's entry of default judgment will be upheld unless there was an abuse of discretion. *Alan Neuman Prods. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988); *In re Brookhollow Associates*, 435 F.Supp. 763, 767 (D.Mass. 1977); *Samuel v. Edd*, 961 F.2d 220 (10th Cir.1992). Furthermore, in reviewing an entry of default, the question is not whether the reviewing court would, as an original matter, have dismissed the action, it is whether the trial court abused its discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976) (appeal of default judgment entered as result of party's failure to timely answer interrogatories in antitrust action). The factors to be considered in determining whether the court has abused its discretion are: (1) whether the plaintiff would be prejudiced; (2) whether the defendant had a meritorious defense; or (3) whether culpable conduct of the defendant led to the default. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir.1988).

▮▮ Applying these factors, the first inquiry is whether the plaintiff will be prejudiced if the judgment is vacated. The allegations before this Court suggest that plaintiffs would be prejudiced based on Mr.

---

**1.** *Judith Schnell v. William E. Schnell (In re William C. Schnell)* Case No. 89–13696–CJK, Adv. No. A–91–1154 (Bankr.Mass. Feb. 10, 1992); *Eric Schnell et al. v. William C. Schnell (In re William C. Schnell)* Case No. 89–13696–CJK, Adv. No. A–91–1155 (Bankr.Mass. Feb. 10, 1992).

**2.** The adversary proceeding initiated by the Schnell children was based on 11 U.S.C. § 523(a)(2, 4–6), which defines exceptions to discharge as including: debts incurred for obtaining money, property or credit by false pretenses, or actual fraud; debts incurred for fraud or defalcation while acting in a fiduciary capacity; debts owed to a child of the debtor for maintenance for, or support of such child in

connection with a separation agreement, divorce decree, or property settlement agreement; and, debts resulting from willful and malicious injury by the debtor to another entity or to the property of another entity. Judith Schnell, however, based her complaint simply on § 523, without specifying the relevant subsections. Nonetheless, the language of her complaint indicates that she may be proceeding on many of the same grounds as the children.

**3.** The Summons and Notice, dated March 18, 1991, was mailed to appellant's home and to his counsel, who forwarded it to appellant on or about April 4, 1991. (Letter from Attorney Charles P. Gamer, dated April 4, 1991).

Schnell's failure to comply with the Probate Court's judgment, dated January 25, 1991.[4] In any event, analysis of the remaining two factors requires this Court to affirm the Bankruptcy Court's judgments.

The next inquiry evaluates whether the defendant has proffered a meritorious defense. Appellant has not advanced a plausible defense to the complaint seeking nondischargeability of debt. Instead, the allegations in his appeal and reply briefs address the existence or size of the debt, which will be adjudicated in a nonbankruptcy forum pursuant to the default judgments.[5]

■ Finally, this Court must evaluate whether defendant's own culpable conduct led to the default. Appellant claims that he was never properly served in the adversary proceedings. However, the record shows that the summons and complaint were mailed both to appellant and his attorney, in compliance with Bankruptcy Rule 7004(b)(9). The summons was mailed to the address of record in Mr. Schnell's own petition for bankruptcy. It is the petitioner's responsibility to apprise the Court of his correct address. *See Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811, 814 (9th Cir.1985); *In re Muzquiz,* 122 B.R. 56, 59 (Bkrtcy.S.D.Tex.1990). In fact, the post office box on the summons is the very same address that appellant advised the Court was his correct address in May 1991, two months after the summons was issued. In addition, the fact that appellant timely filed his motion to dismiss indicates that he was aware of the pre-trial conference at least six months prior to the appointed date in October.

Nonetheless, appellant did not inform the Bankruptcy Court prior to October 21, 1991, that he had a conflicting appearance scheduled in Probate Court. Judge Kenner noted in her denial of motion to remove default, dated February 10, 1992, that "if defendant truly had a scheduling conflict, he should have filed a motion before the pre-trial conference." Appellant does not deny that he was aware of his obligation in the Bankruptcy Court.

■ A party's conduct is culpable if he has received actual or constructive notice of the filing of the action and has failed to answer the complaint. *Gregorian,* 871 F.2d at 1523. Although appellant had responded to the complaint, in failing to attend the pre-trial conference, despite sufficient notice, he created the circumstances which led to entry of default.[6]

Because the Bankruptcy Court did not abuse its discretion, the judgments of default are affirmed.

**4.** Judgment No. 87D–0619, pursuant to Mass. Gen.L. ch. 208, § 34 (Rocket, J., Probate and Family Court, Middlesex County) (division of marital assets).

**5.** Footnote 1 of the Default Judgments explains that: "In a suit to determine the dischargeability of a debt, the Court merely determines whether the alleged debt is dischargeable. It does not also adjudicate the existence and amount of the alleged debt. Having obtained a declaration of nondischargeability, the plaintiff may now seek to have the debt adjudicated and quantified in an appropriate nonbankruptcy forum.

**6.** In *Ad West Marketing, Inc. v. Hayes,* 745 F.2d 980 (5th Cir.1984), the Court affirmed a default judgment entered when counsel failed to take any action prior to the eve of trial, even though counsel knew that he had a conflicting appearance in another court.