UNITED STATES of America, Plaintiff,

v.

ONE LOT OR PARCEL OF LAND, IN the CITY OF AUSTIN, BEING LOT 2 BLOCK "D" OF the WOODS OF WESTLAKE, with an Address of 1403 Barclay, Travis County, Texas, Together with all Other Improvements, Appurtenances, Buildings, Structures, and Fixtures Thereon, Defendant.

No. 1:93–CV–0236.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 19, 1993.

Mary Ferguson Bradford, Asst. U.S. Atty., Beaumont, TX, for plaintiff.

Charles Stephen Simmons, pro se.

### OPINION AND ORDER DENYING MOTION TO SET ASIDE ENTRY OF DEFAULT

COBB, District Judge.

On this date came on for hearing Claimant Charles Steven Simmons' Rule 55(c) motion to set aside entry of default. After considering the motion, response thereto, and reply to response, the Court is of the opinion that the motion should be DENIED.

### FACTS

On October 7, 1992, Charles Simmons pled guilty to an Information charging him with a violation of Title 18, United States Code, Section 1956(a)(1)(B). Thereafter, Simmons was sentenced to a fine and a term of incarceration in federal prison. This civil forfeiture action followed.

The United States filed its verified complaint for forfeiture on May 24, 1993. The complaint alleged that certain property owned by Simmons was subject to forfeiture because of Simmons acknowledgment of guilt in the underlying criminal proceeding. Simmons filed a claim for the property, but failed to answer within the time prescribed by the Supplemental Rules for Certain Admiralty and Maritime Claims. On August 12, 1993, the United States sought and obtained Entry of Default against Simmons.

On August 27, 1993, after obtaining Entry of Default against Simmons, the United States entered into a settlement agreement with the only other claimant to the property, Troy & Nichols, Inc. The United States subsequently attempted to obtain a final judgment of forfeiture. However, Simmons filed his motion to set aside entry of default

prior to this Court's ruling on the United States' motion for final judgment. For the following reasons, the motion to set aside is DENIED.

### DISCUSSION

Rule 55 states in relevant part:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

.   .   .   .   .

Fed.R.Civ.P. 55(c) (emphasis added). Under Rule 55, Simmons must demonstrate good cause exists for relief. Simmons fails to show good cause for two reasons. First, he lacks a meritorious defense. Second, setting aside the entry of default will prejudice the rights of the United States and Troy & Nichols, Inc.

Although not expressly required by Rule 55, courts generally require proof of a meritorious defense that probably would succeed. *See United States v. One 1978 Piper Navajo PA–31 Aircraft,* 748 F.2d 316 (5th Cir.1984).[1] Simmons asserts that the property at issue was not used in the manner alleged, or, alternatively, it was used in an illegal manner without his knowledge. These conclusory allegations are insufficient to establish a meritorious defense. *Piper Navajo,* 748 F.2d at 319.[2] Even assuming that the above allegations are sufficient, Simmons' prior testimony undermines his current assertions. For example, Simmons admitted at his sentencing hearing that any lawfully held funds used in the purchase of the property had been hopelessly commingled with proceeds from drug sales. A thorough review of the entire record convinces the Court that Simmons has failed to show the existence of a meritorious defense that probably would succeed.

Second, were the Court to grant Simmons' motion to set aside, the rights of the United States and Troy & Nichols, Inc. would be unfairly and substantially prejudiced. *Cf. Bonaventure v. Butler,* 593 F.2d 625, 626 (5th Cir.1979) (suggesting that a showing of prejudice sufficient reason to deny relief under Rule 55(c)). In the present case, the United States and Troy & Nichols, Inc. have entered into an agreement to settle the remaining claims. The Court notes that the parties entered into the settlement agreement *after* the clerk entered default against Simmons. Reopening the default without proof of a meritorious defense would result in unnecessary litigation for parties which recently negotiated an end to this struggle. Therefore, this Court concludes that unfair and substantial prejudice would result if Simmons is granted relief from his default.

For the above reasons, the Motion to Set Aside filed by Charles Steven Simmons is DENIED.

---

1. Although *Piper Navajo* involved a Rule 60 motion to set aside a default judgment, commentators have suggested that the good cause standard under Rule 55(c) approaches the standard invoked under Rule 60. *See generally* 10 Charles A. Wright, et al., *Federal Practice and Procedure* § 2696 (1983). *See also McGrady v. D'Andrea Electric, Inc.,* 434 F.2d 1000, 1001 (5th Cir.1970) (noting that a trial court should not reopen a default judgment merely because a party requests it, but should require a showing of a meritorious defense).

2. The Fifth Circuit indicated in *Piper Navajo* that allegations almost identical to those levelled by Simmons were insufficient to set up a meritorious defense.