IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30578
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LAND, Property currently recorded in the
name of Romero D. Rouser and described as
follows:  State of Louisiana, City of New
Orleans, Third District, Square 294, Lot C,
Municipal No. 4209-4211 Burgundy Street,
New Orleans, Louisiana; LAND, Property
currently recorded in the names of Romero
D. Rouser and Kenneth James Rouser and
described as follows:  State of Louisiana,
City of New Orleans, First District, Square
759, Lot Q, Municipal No. 4416-4418 South
Carrollton Avenue, New Orleans, Louisiana;
LAND, Property currently recorded in the
name of Romero D. Rouser and described as
follows:  State of Louisiana, City of New
Orleans, Second District, Square 407-408,
Lot 11, Municipal No. 924-926 North Salcedo
Street, New Orleans, Louisiana; LAND,
Property currently recorded in the name of
Robert Smith and described as follows:  State
of Louisiana, City of New Orleans, Square 232,
Lot 36, Municipal No. 8828-8828 1/2 Hickory
Street, New Orleans, Louisiana,

                                        Defendants,

KENNETH J. ROUSER,

                                        Claimant,

        and

ROBERT SMITH,

                                        Movant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 91-CV-1380-1
- - - - - - - - - -
(October 19, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Robert Smith contends that the district court erroneously denied his motion to set aside the order of default. He argues that the civil forfeiture proceeding was punitive, not remedial, and that his failure to contest the civil forfeiture proceeding was inconsequential in light of Department of Revenue of Montana v. Kurth Ranch, 114 S. Ct. 1937, 1947-48 & n.21 (1994). Smith also asserts that he labored under the assumption that he was barred from contesting the civil forfeiture because of his plea agreement.

The presentence investigation report (PSR) prepared in conjunction with Smith's criminal conviction indicates that Smith specifically agreed to forfeit all interest in the properties in question, and to take what steps were necessary to pass clear title to the United States.

Smith's argument is foreclosed by United States v. Arreola-Ramos, 60 F.3d 188, 192-93 (5th Cir. 1995). In Arreola-Ramos, we held that because Arreola, who, like Smith, asserted a double jeopardy claim with regard to a civil forfeiture proceeding, "did not appear and contest the forfeiture, he was never in jeopardy." Id. at 193.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

It is undisputed that Smith did not contest the civil forfeiture proceeding.  Smith acknowledges that he bargained away the right to contest the civil forfeiture as part of the plea agreement entered into during his criminal prosection.

We review the district court's denial of a motion to vacate an order of default for an abuse of discretion.  <u>United States v. One 1978 Piper Navaho PA-31 Aircraft</u>, 748 F.2d 316, 318 (5th Cir. 1984).  To prevail, Smith must prove that his failure to defend against the civil forfeiture was due to justifiable neglect and also that he had a valid defense to the forfeiture action which probably would have succeeded.  <u>Id</u>.  As discussed above, Smith had no such defense and, by his own admission, his failure to defend against the forfeiture was the result of his plea bargain, not due to justifiable neglect.  The district court did not abuse its discretion in denying his motion.

AFFIRMED.