United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 03-50507

———————————

United States of America, ex rel., TONI R. BARRON;
VICKY J. SCHEEL,

                                        Plaintiffs-Appellants,

versus

DELOITTE & TOUCHE, L.L.P.; DELOITE & TOUCHE
CONSULTING GROUP, L.L.C.; DELOITTE & TOUCHE
CONSULTING GROUP HOLDING, L.L.C.; MEDICAID
CLAIM SOLUTIONS OF TEXAS, INC.; NATIONAL
HERITAGE INSURANCE CO.,

                                        Defendants-Appellees.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. SA-99-CV-1093)

———————————————————————————

Before KING, Chief Judge, REAVLEY and EMILIO M. GARZA, Circuit Judges.

REAVLEY, Circuit Judge:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

The district court's judgment is reversed. The liability of National Heritage is explained by an accompanying published order. Further, the record raises issues supporting the claim of relators that they were the original source.

In order to determine whether the relators were an original source, a two part test must be satisfied:

(1) the relator must demonstrate that he or she has "direct and independent knowledge of the information on which the allegations are based" and (2) the relator must demonstrate that he or she has "voluntarily provided the information to the Government before filing" his or her qui tam action.

United States ex rel. Laird v. Lockheed Martin Eng'g, 336 F.3d 346, 352 (5th Cir. 2003). Evidence that Relator Scheel provided medical services at one of the relevant public school districts, Relator Scheel's affidavit concerning Deloitte & Touche's presentation on Medicaid billing, along with evidence of possible fraudulent activities, is sufficient to satisfy the competent evidence standard of direct knowledge. As for independent knowledge, Relators'1988 complaint was filed prior to the relevant public disclosure.

There is evidence that Relators voluntarily provided the information to the government before filing this qui tam suit. The new evidence presented on this issue in the reply brief is disregarded, as it should have been presented to the trial court. See United States v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 319 (5th Cir. 1984). Instead, the original qui tam complaint and disclosure statement, which contained

2

"substantially all material evidence and information" in Barron and Scheel's possession regarding the allegedly fraudulent activities, were served on the government in April 1998 several months prior both to the June 1999 Senate hearings and to the filing of the present suit. <u>See</u> Luke Declaration, R. at 616.

All pending motions not acted on here are DENIED.

REVERSED and REMANDED.

EMILIO M. GARZA, Circuit Judge, dissenting:

The majority opinion concludes that the relators are an original source of the information on which the allegations in the relators' qui tam action are based. I disagree. To establish that they are an original source, the relators must show that they (1) have independent knowledge of the information; (2) have direct knowledge of the information; (3) and have voluntarily provided the information to the government before filing their qui tam action. *See United States ex rel. Laird v. Lockheed Martin Eng'g and Science Servs. Co.,* 336 F.3d 346, 352 (5th Cir. 2003). The relators have not shown that they have direct knowledge of the information, and accordingly I dissent.

The majority opinion states that "evidence that Relator Scheel provided medical services at one of the relevant school districts, Relator Scheel's affidavit concerning Deloitte & Touche's presentation on Medicaid billing, along with evidence of possible fraudulent activities, is sufficient to satisfy the competent evidence standard of direct knowledge." ___ F.3d ___ (Majority Opinion at 2). Notably, the majority opinion does not claim to find any evidence to show that Relator Barron had direct knowledge of the information. Relator Barron presented no evidence before the district court to show that she had direct knowledge, and therefore she cannot be an original source of the information.

The evidence cited by the majority opinion also fails to establish that Relator Scheel has direct knowledge of the information. Direct knowledge is "knowledge derived from the source without interruption or gained by the relators own efforts rather than

learned second-hand through the efforts of others." *Laird,* 336 F.3d at 355. The court must distinguish between "those individuals who, with no details regarding its whereabouts, simply stumble upon a seemingly lucrative nugget and those actually involved in the process of unearthing important information about a false or fraudulent claim." *Id.* at 356. The mere fact that Relator Scheel provided medical services at one of the relevant districts does not show that Scheel learned the information through her own efforts. Similarly, Scheel's affidavit does not establish that she has direct knowledge of the information. It merely provides that she was a physical therapist who provided services to Medicaid eligible children and that she attended a training session in which a Deloitte and Touche representative spoke about billing procedures, documentation requirements and Medicaid rules. The affidavit does not specify what the Deloitte and Touche representative said about these procedures, requirements and rules, nor does the affidavit state that she saw the billing procedures being used. Scheel does not even state that she was trained to follow questionable billing procedures at this training session, merely that billing procedures were discussed.

Scheel also provided a one-page transcript of the training session, which at most shows the Relators had direct knowledge that service rates included time spent in Admission, Review and Dismissal ("ARD").[1] The transcript does not address relevant information such as improper billing of transportation costs, bundled payments or the

_____

[1]This could be connected to the Relators' allegations in ¶ 31 of their complaint.

failure to differentiate between skilled and unskilled activities.  The Relators have not

provided sufficient evidence to establish that they had direct knowledge of the publicly

disclosed information.  Accordingly, the Relators cannot be an original source of the

information.  *See Laird,* 336 F.3d at 352.  The district court correctly dismissed the case

for lack of jurisdiction.

　　　　For the above reasons, I respectfully dissent.