REAVLEY, Circuit Judge: *
The district court’s judgment is reversed. The liability of National Heritage is explained by an accompanying published order. Further, the record raises issues supporting the claim of relators that they were the original source.
In order to determine whether the rela-tors were an original source, a two part test must be satisfied:
(1) the relator must demonstrate that he or she has “direct and independent knowledge of the information on which the allegations are based” and (2) the relator must demonstrate that he or she has “voluntarily provided the information to the Government before filing” his or her qui tam action.
United States ex rel. Laird v. Lockheed Martin Eng’g, 336 F.3d 346, 352 (5th Cir. 2003). Evidence that Relator Scheel provided medical services at one of the relevant public school districts, Relator Scheel’s affidavit concerning Deloitte & Touche’s presentation on Medicaid billing, along with evidence of possible fraudulent activities, is sufficient to satisfy the competent evidence standard of direct knowledge. As for independent knowledge, Re-lators’ 1988 complaint was filed prior to the relevant public disclosure.
There is evidence that Relators voluntarily provided the information to the government before filing this qui tam suit. The new evidence presented on this issue in the reply brief is disregarded, as it should have been presented to the trial court. See United States v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 319 (5th Cir.1984). Instead, the original qui tam complaint and disclosure statement, which contained “substantially all material evidence and information” in Barron and Scheel’s possession regarding the allegedly fraudulent activities, were served on the government in April 1998 several *286 months prior both to the June 1999 Senate hearings and to the filing of the present suit. See Luke Declaration, R. at 616.
All pending motions not acted on here are DENIED.
REVERSED and REMANDED.

 Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.