United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20697
Summary Calendar

_____

LORETHA KANIDA,

Plaintiff-Appellant,

versus

GULF COAST MEDICAL PERSONNEL, LP;
NURSEFINDERS, INC.,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-1770
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Loretha Kanida filed the instant suit to seek redress for, inter alia, retaliation in violation of the Fair Labor Standards Act (FLSA) and failure to pay overtime. A jury found in favor of the defendants, and that judgment was affirmed in a different appeal. See Kanida v. Gulf Coast Medical Pers., LP, 363 F.3d 568, 572 (5th Cir. 2004).

The instant appeal concerns the district court's denial of Kanida's FED. R. CIV. P. 60(b) motion for relief from judgment. This

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion was based on the recent rediscovery of a cassette tape that Kanida's attorney lost within her office. Kanida argued in pertinent part that she was entitled to relief based on excusable neglect and because admission of the tape would have changed the outcome of trial. The district court determined that the motion was both untimely and substantively unavailing. Kanida argues that the district court abused its discretion in reaching these conclusions.

Kanida's arguments are unavailing. In light of the circumstances presented, the district court did not abuse its discretion in concluding that her motion was not filed within a reasonable time. See First RepublicBank v. Norglass, Inc., 958 F.2d 117, 119 (5th Cir. 1992).

The district court also did not abuse its discretion in determining that Kanida's substantive claims lacked merit. The carelessness of Kanida's attorney does not constitute excusable neglect for FED. R. CIV. P. 60(b)(1) purposes. See Lavespere v. Niagra Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); United States v. One 1978 Piper Navajo PA-31, Aircraft, 748 F.2d 316, 318-19 (5th Cir. 1984). Kanida also has not shown exceptional circumstances sufficient to merit relief under FED. R. CIV. P. 60(b)(6). See Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002). We decline to consider Kanida's claim of fraud under FED. R. CIV. P. 60(b)(3)

because this claim was not presented to the district court.  See

Fackelman v. Bell, 564 F.2d 734, 736 n.1 (5th Cir. 1977).

Kanida has not shown that the district court abused its discretion in denying her FED. R. CIV. P. 60(b) motion. Accordingly, the judgment of the district court is AFFIRMED.