**In re Ina P. SCHIFF, Defendant,**

v.

**STATE OF RHODE ISLAND, Plaintiff.**

**Civ.A. No. 96–116–P.**

United States District Court, D. Rhode Island.

Aug. 8, 1996.

## FACTUAL AND PROCEDURAL BACKGROUND

The claims at issue in this bankruptcy case stemmed from the events of *Pontarelli v. Stone,* a civil lawsuit in the United States District Court for the District of Rhode Island. The Defendant in the present bankruptcy proceedings, Ina P. Schiff ("Schiff"), is an attorney who had represented the plaintiffs in *Pontarelli* ("the *Pontarelli* plaintiffs"). The *Pontarelli* plaintiffs had agreed with Schiff that they would pay all costs and fees incurred in the lawsuit, with the understanding that, if they were to prevail, Schiff would seek recovery of the costs and attorneys' fees from the defendants in the case. Following the conclusion of the lawsuit, Schiff moved, on behalf of the *Pontarelli* plaintiffs, for an award of $511,951.00 in attorneys' fees and $203,268.28 in costs. *See Pontarelli v. Stone,* 781 F.Supp. 114, 118 (D.R.I.), *appeal dismissed,* 978 F.2d 773 (1st Cir.1992).

The *Pontarelli* judge found, however, that Schiff had failed to satisfy the requirement that fee petitions be accompanied by contemporaneous time records reflecting the nature of the task performed and who performed it. *Id.* at 120–22. He found that the records submitted by Schiff contained "patent inaccuracies" and "[d]iscrepancies [which] cast serious doubt on the[ir] reliability," failed to allocate hours between claims asserted by prevailing and non-prevailing plaintiffs, and were "grossly inflated" because they included hours spent on unrelated, duplicative, or otherwise unproductive matters. The *Pontarelli* judge further determined that the claims for attorneys' fees "constitute[d] the kind of bad faith" that warranted denial. *Id.* at 120–24. He made similar findings with respect to the *Pontarelli* plaintiffs' application for costs, and he concluded that the claims for both attorneys' fees and costs were "so undocumented and riddled with misrepresentations that complete denial is warranted." *Id.* at 125.

While the appeal of this decision in *Pontarelli* was pending, the parties settled, and the appeal was dismissed. As part of the settlement, the *Pontarelli* plaintiffs agreed to assign to the State of Rhode Island ("the

Ina P. Schiff, Providence, RI, for plaintiff.

Mark H. Grimm, Wistow, Barylick Incorporated, Providence, RI, for defendant.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Now before this Court is Defendant Ina P. Schiff's appeal of the default judgment entered against her by the United States Bankruptcy Court for the District of Rhode Island. For the reasons discussed below, the matter is remanded to the Bankruptcy Court.

State") their claims against Schiff for recovery of the payments for fees and costs that they had made during the trial. The present case is based upon the State's subsequent complaint in adversary proceedings before the Bankruptcy Court to recover the payments of these fees from Schiff.

The State filed its complaint in Bankruptcy Court on August 12, 1994, seeking $450,-000.00 from Schiff. During the first year after the complaint was filed, various motions and an appeal brought by Schiff extended the deadline for her answer. Then, on July 31, 1995, Schiff filed a Motion for More Definite Statement pursuant to Fed.R.Civ.P. 12(e), as adopted by Fed.R.Bankr.P. 7012(b).[1] The Bankruptcy Court denied Schiff's Motion for More Definite Statement on August 23, 1995. Schiff failed to file an answer within ten days after notice of the court's denial of her Motion for More Definite Statement, as required by Fed.R.Bankr.P. 7012(a).[2] Instead, she filed a notice of appeal of the Bankruptcy Court's denial of her Motion for More Definite Statement on September 7, 1995, fifteen days after notice of the Bankruptcy Court's decision.

On September 12, 1995, the State filed a Motion for Entry of Default on the basis of Schiff's failure to file an answer within the required time period after the denial of her Motion for More Definite Statement. Schiff did file an answer, along with a counterclaim and third-party complaint, on October 18, 1995. The Bankruptcy Court held a hearing on the State's Motion for Entry of Default on November 8, 1995. At the hearing, Schiff apparently argued that she was not in default because the Bankruptcy Court had lost jurisdiction over the adversary proceeding as a result of her interlocutory appeal of the denial of her Motion for More Definite Statement. On December 5, 1995, the Bankruptcy Court granted the State's Motion for Entry of Default, and a default judgment against Schiff was entered on December 6, 1995. On December 12, 1995, Schiff filed a Notice of Appeal of the Bankruptcy Court's default judgment; Schiff's appeal of the default judgment is now before this Court.

*DISCUSSION*

■ This Court has jurisdiction to hear Schiff's appeal from the Bankruptcy Court's entry of default judgment pursuant to 28 U.S.C. § 158(a). The default judgment is a "final judgment;" therefore, Schiff's appeal to this Court is an appeal as of right and is not subject to the requirement that this Court grant leave to appeal.[3]

Fed.R.Civ.P. 55 provides that a court may enter default or judgment by default if a party has "failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise . . ." Fed.R.Civ.P. 55(a).[4] Rule 55(b) sets forth the procedural framework for entry of judgment by default but does not provide any guidance on the standard to be applied in granting an entry of default or a default judgment.

■ The decision to enter a default judgment is a decision committed to the "sound judicial discretion" of the trial judge. 10 C. Wright, Miller et al., *Federal Practice and Procedure* § 2685 (2d ed. 1983). Consequently, a bankruptcy court's decision to enter a default judgment against a party is

---

1. Fed.R.Bankr.P. 7012(b) provides, in pertinent part: "Rule 12(b)–(h) F.R.Civ.P. applies in adversary proceedings." Fed.R.Civ.P. 12(e), in turn, provides, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

2. Fed.R.Bankr.P. 7012(a) provides that, with respect to Rule 12 motions, "if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action."

3. Both parties appear to be under the misconception that Schiff's appeal is interlocutory and requires leave from this Court. However, a default judgment is clearly a final judgment, as it provides a conclusive resolution of the claims presented in the proceedings. *See* 10 C. Wright et al., *Federal Practice and Procedure* § 2684 (2d ed. 1983); *In re Murray*, 116 B.R. 6, 7 (D.Mass. 1990). As a result, the parties' discussions of whether Schiff has satisfied the requirement of a motion for leave to appeal are irrelevant.

4. Fed.R.Bankr.P. 7055 provides that Fed. R.Civ.P. 55 applies in adversary proceedings.

reviewed on appeal to the district court only for abuse of discretion. *In re Schnell*, 148 B.R. 365, 366 (Bankr.D.Mass.1992) (citing *Alan Neuman Prods. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988), *cert. denied*, 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989); *In re Brookhollow Associates*, 435 F.Supp. 763, 767 (D.Mass.1977), *aff'd*, 575 F.2d 1003 (1st Cir.1978); *Samuel v. Edd*, 961 F.2d 220 (10th Cir.1992)). In describing the test for abuse of discretion, the First Circuit has stated, " 'Judicial discretion is necessarily broad—but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.' " *Coon v. Grenier*, 867 F.2d 73, 78 (1st Cir. 1989) (quoting *Independent Oil and Chemical Workers v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988)).

Thus, the questions now before this Court are (1) what factors the bankruptcy court judge should properly have considered in granting the State's motion and entering the default judgment against Schiff, and (2) whether the bankruptcy court judge abused his discretion by ignoring those factors, by relying upon an improper factor, or by making a "serious mistake" in weighing the factors.

The factors that a trial judge should properly consider in granting a motion for entry of default and in entering a default judgment have not been clearly elucidated in the First Circuit, nor does Fed.R.Civ.P. 55(a) or (b) provide any guidance on the standard to apply. Most frequently, appellate courts have considered issues of default in the context of a defaulting party's motion to set aside entry of default, pursuant to Fed. R.Civ.P. 55(c), or motion to set aside a default judgment, pursuant to Fed.R.Civ.P. 60(b).[5] Under those circumstances, if the trial judge denies the motion to set aside the entry of default or default judgment, the defaulting party appeals that decision, rather

than the initial decision to grant a motion for entry of default or to enter a default judgment. Thus, most of the case law addresses the decision to deny a Rule 55(c) or Rule 60(b) motion to set aside entry of default or default judgment, instead of the decision to enter a default judgment in the first place pursuant to Rule 55(b). However, in the present case, Schiff has appealed directly the Bankruptcy Court's decision to grant the Plaintiff's Motion for Entry of Default Judgment and to enter a default judgment, rather than first making a motion to set aside the judgment.

■ The case law on a motion to set aside an entry of default under Fed.R.Civ.P. 55(c) does shed some light on the factors that a trial court ought to consider in deciding whether to grant a motion for entry of default and to enter a default judgment. A trial court's determination of whether to set aside an entry of default is inherently similar to the court's initial determination whether to grant an entry of default and to enter a default judgment in the first place. After all, the fundamental, underlying question is the same: do the circumstances justify resolution of the case on the basis of one party's failure to plead or defend, rather than on the merits of the case? As a result, logic dictates that the same factors that should be considered when making a determination under the "good cause" standard of Rule 55(c) similarly should be considered when ruling on a party's initial motion for entry of default and when deciding whether to enter a default judgment.

The First Circuit has stated that, although the "good cause" standard for setting aside an entry of default under Rule 55(c) is not subject to any "precise formula," some general guidelines seem to "have fairly universal application." *Coon*, 867 F.2d at 76. Specifically, the trial judge " 'should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is pre-

---

**5.** Fed.R.Civ.P. 55(c) provides, in pertinent part: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 60(b)

provides, "On motion and upon such terms as are just, the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect…."

sented.'" *Id.* (quoting *United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir.1985)). Furthermore, the *Coon* court noted, "[t]hat compendium is by no means exclusive; a court may also examine into such things as the proffered explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion." *Id.*[6]

The inherent logic that a trial judge should consider these same factors in deciding whether to grant a motion for entry of default and to enter a default judgment is well-supported by the approaches that other courts have taken. *See In re Schnell,* 148 B.R. 365, 366 (D.Mass.1992) ("The factors to be considered in determining whether the [bankruptcy] court has abused its discretion [in entering a default judgment] are: (1) whether the plaintiff would be prejudiced; (2) whether the defendant had a meritorious defense; or (3) whether culpable conduct of the defendant led to the default." (citing *Cassidy v. Tenorio,* 856 F.2d 1412, 1415 (9th Cir.1988)); 10 C. Wright et al., *Federal Practice and Procedure* § 2685 (2d ed. 1983) (listing factors that a court may consider in determining whether to enter a default judgment).

■ In the present case, the Bankruptcy Court's Order Granting Plaintiff's Motion for Entry of Default unfortunately fails to illuminate whether the Bankruptcy Judge considered the appropriate factors in granting the State's Motion. The Order states, in full:

Heard on November 8, 1995, on Plaintiff's Motion for Entry of Default, and

the Defendant's Objection thereto. For the reasons argued by the Plaintiff and contained in its memorandum, which we adopt and incorporate herein by reference, the Motion for Entry of Default is GRANTED. Plaintiff's contention that this Court lost jurisdiction over the adversary proceeding because she filed an untimely interlocutory appeal is without merit, and the objection is overruled. *See In re Schultz Mfg. Fabricating Co.,* 956 F.2d 686, 691 (7th Cir.1992).

Enter Judgment consistent with this Order.

*In re Schiff,* A.P. No. 94–1183 (Bankr.D.R.I. Dec. 5, 1995).

Although the Order refers to a "memorandum" from the State, the only document submitted by the State in connection with this motion was the actual Motion for Entry of Default. That Motion contains only procedural background information and an allegation that Schiff had failed to file a timely answer in the Bankruptcy Court following the denial of her Motion for More Definite Statement. And, on its face, the Order contains no indication that the Bankruptcy Judge considered anything other than the fact that Schiff was mistaken in her contention that the Bankruptcy Court had lost jurisdiction over the adversary proceeding. Neither the State's Motion for Entry of Default nor the Order itself contains any discussion of whether Schiff's mistake (and, thus, her default) was willful, whether the State was prejudiced, and whether Schiff had presented a meritorious defense. As a result, the information contained in the Bankruptcy Court's Order is insufficient for this Court to determine whether the Bankruptcy Court abused its discretion in granting the Motion for Entry of Default and in entering the default judgment against Schiff.

*CONCLUSION*

For the foregoing reasons, this matter is remanded to the Bankruptcy Court for further consideration, consistent with this Order.

SO ORDERED.

---

**6.** I note that the relative leniency of the "good cause" standard contrasts with the more rigorous standard for setting aside a judgment, once already entered, pursuant to Rule 60(b). *See Coon,* 867 F.2d at 76.