In re Kimberly G. WARNER, Debtor.

John Perry, Plaintiff/Appellee,

v.

Kimberly G. Warner,
Defendant/Appellant.

BAP No. MB 99–077.

United States Bankruptcy Appellate Panel
of the First Circuit.

March 31, 2000.

David C. Donahue, Donahue & Associates, Boston, MA, on brief for appellant.

John F. Perry, Middleboro, MA, pro se.

Joesph Braunstein, Reimer and Braunstein, Boston, MA, trustee.

Before GOODMAN, HAINES and CARLO, U.S. Bankruptcy Judges.

CARLO, Judge.

The debtor, Kimberly G. Warner ("Warner"), appeals from an order issued by the United States Bankruptcy Court denying her motion to vacate a default judgment and denying her leave to file a late answer in an adversary proceeding filed against her by John Perry ("Perry"). The order appealed from denies Warner a discharge of her debts pursuant to 11 U.S.C. § 727(a)(4)(A). For the reasons set forth below, we affirm.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to review final decisions of the United States Bankruptcy Court pursuant to 28 U.S.C. § 158. *See also Sanford Institution for Savings v. Gallo*, 156 F.3d 71, 74 (1st Cir.1998). A default judgment is a final order. *Zeitler v. Zeitler (In re Zeitler)*, 221 B.R. 934, 936 (1st Cir. BAP 1998). A bankruptcy court's entry of default judgment, and its refusal to vacate the default, is reviewed under the abuse of discretion standard. *Id.* at 937; *CRS Steam Inc., et al. v. Engineering Resources, Inc. (In re CRS Steam, Inc.)*, 233 B.R. 901, 904 (1st Cir. BAP 1999).

> Judicial discretion is necessarily broad-but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.

*Independent Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg., Co.*, 864 F.2d 927, 929 (1st Cir.1988).

## BACKGROUND

Warner filed a voluntary petition for relief under Chapter 7 on January 8, 1999. On March 22, 1999, Perry filed a timely adversary complaint against Warner to determine the dischargeability of a debt. The bankruptcy court found that Perry's complaint stated a cause of action under 11 U.S.C. § 727(a)(4)(A), even though the complaint did not make reference to this specific bankruptcy code section. Warner failed to file an answer. The court issued a notice of default. Perry filed a motion for default judgment. The court scheduled the motion for hearing. Perry appeared at the hearing *pro se*. Warner was represented by counsel but did not appear personally. The court entered an order requiring Warner to submit an affidavit as to why she failed to answer Perry's complaint. Warner filed the affidavit, as well as a motion to vacate the default and a motion for leave to file a late answer.

The court issued a memorandum decision on August 18, 1999, finding that Warner willfully failed to answer the complaint; that she did not advance a meritorious defense to Perry's complaint; that she failed to act promptly to remove the

default; and that she failed to act in good faith. The court concluded that Warner failed to show good cause for the removal of the default. The court denied Warner's motion for leave to file a late motion to remove the default and granted Perry's motion for entry of default judgment. The court entered an order denying Warner a discharge pursuant to 11 U.S.C. § 727(a)(4)(A). Warner filed a timely notice of appeal.

### DISCUSSION

■ In its memorandum decision, the bankruptcy court articulated the proper criteria to consider in making a determination as to whether a defendant is entitled to have a default removed. The trial court must consider the "good cause" factors of Federal Rule of Civil Procedure 55(c), as incorporated by Federal Rule of Bankruptcy Procedure 7055(c). *General Contracting & Trading Co., L.L.C. v. Interpole, Inc.*, 899 F.2d 109, 112 (1st Cir.1990); *In re CRS Steam, Inc.*, 233 B.R. at 904 (citations omitted). The bankruptcy judge must consider whether the defendant's failure to appear was willful; whether setting aside the default would prejudice the plaintiff; and weigh the merits of the defense. *Coon v. Grenier*, 867 F.2d 73, 75–76 (1st Cir.1989); *In re CRS Steam, Inc.*, 233 B.R. at 905 (citations omitted). The bankruptcy court may also appropriately consider the explanation offered for the default; the good faith of the parties; the amount of money involved and the timing of the motion seeking relief from the default. *Coon*, 867 F.2d at 76; *In re CRS Steam, Inc.*, 233 B.R. at 905.

■ In the present case, the bankruptcy court specifically considered the factors expounded by the Court in *CRS Steam.* The court found that Warner willfully failed to answer the complaint. We hold that this finding is not clearly erroneous. Warner was the office manager of a mid-size personal injury law firm. (Appellant's brief at 1.) Warner acknowledged that she received the summons and complaint. (War-

ner aff. ¶ 6.) She consulted an attorney. (*Id.* at ¶¶ 7–8, 13.) In her affidavit, Warner stated that she did not respond to the complaint because she did not have the money to hire an attorney to represent her. (*Id.* at ¶¶ 13, 19.) Warner also stated that she had hoped that "the whole matter might quietly fade away . . . ." (*Id.* at ¶ 19.) The bankruptcy court properly found that Warner's failure to answer the complaint or seek an extension of time to do so was intentional and not the result of excusable neglect.

■ Although we conclude that Perry has demonstrated no prejudice if removal of the default were granted, other than the delay that would necessarily result in resolving the litigation, the bankruptcy court found that Warner did not advance a meritorious defense to Perry's complaint. To deny a discharge under 11 U.S.C. § 727(a)(4)(A), the Court must find that the debtor (1) knowingly and fraudulently, (2) made a false oath in or in connection with a case, (3) relating to a material fact. See *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 764 (1st Cir.1994); *Boroff v. Tully (In re Tully)*, 818 F.2d 106, 110 (1st Cir.1987); *Burrell v. Sears (In re Sears)*, 225 B.R. 270, 274 (Bankr.D.R.I. 1998), *Smith v. Grondin (In re Grondin)*, 232 B.R. 274, 276 (1st Cir. BAP 1999). A debtor's Schedules and Statement of Financial Affairs are the equivalent of a verification under oath. 28 U.S.C. § 1746; *Sears*, 225 B.R. at 274; *Grondin*, 232 B.R. at 276. A debtor's failure to disclose an interest in real property would be a material false oath. See *Tully*, 818 F.2d at 110–11 (holding materiality element satisfied when subject matter of false oath "concerns the discovery of assets . . . or the existence and disposition of property.") "According to the plain language of § 727(a)(4)(A), all that is required for a denial of discharge is a single 'false oath or account.'" *Grondin*, 232 B.R. at 277 (citations omitted).

In the present case, Perry's complaint alleged that Warner failed to include an

ownership interest in real property in her bankruptcy schedules. Two exhibits attached to the complaint were letters, written by Warner to Perry, in which she detailed her ownership interest in real property. Warner did not include an ownership interest in real property in her schedules. In her affidavit attesting as to why she failed to answer Perry's complaint, Warner failed to even mention Perry's allegations. We conclude that the bankruptcy court properly adjudged that Warner did not advance a meritorious defense to Perry's complaint.

The bankruptcy court found that Warner did not act promptly to remove the default. The default was entered on June 10, 1999, two weeks after Warner's answer was due. The request for default judgment was filed on June 22, 1999 and scheduled for hearing on July 29, 1999. Two days prior to the hearing and six weeks after entry of the default, Warner filed her answer which only stated that she generally denied all of the allegations of the complaint. Warner failed to appear at the hearing on the motion for default judgment, and merely stated in her affidavit, filed at the court's request, that she did not appear because she "was afraid to tell [her] new bosses as to [sic] what was going on, as [she] had only been at this job a short time." (Warner aff. ¶ 17.) She also stated that she was afraid that Perry would go to her bosses and jeopardize her employment. (*Id.* at 18.) Under these circumstances, the bankruptcy court properly found that Warner did not act promptly to remove the default.

Based on Warner's willful failure to answer the complaint, her failure to advance a meritorious defense in her affidavit and her failure to act promptly to remove the default, the bankruptcy court properly concluded that Warner failed to act in good faith and that Warner failed to show good cause for the removal of the default.

## CONCLUSION

The bankruptcy court did not abuse its discretion in refusing to vacate the default

and allow Warner to file a late answer. Accordingly, we AFFIRM the bankruptcy court's order denying Warner a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).