380

In re THE HOME RESTAURANTS, INC., Debtor.

Banco Bilbao Vizcaya, Appellant,

v.

Family Restaurants, Inc. and Hector Cuevas Cuevas, Appellees.

No. PR 00–061.

United States Bankruptcy Appellate Panel of the First Circuit.

June 18, 2001.

Wanda I. Luna Martinez, Montanez & Alicea Law Offices, Hato Rey, PR, for Banco Bilbao Vizcaya—Puerto Rico, defendant–appellant.

Ramon Torres Rodriguez, San Juan, PR, for Family Restaurants, Inc., Cuevas Hector Cuevas, plaintiffs–appellee.

Wigberto Lugo Mender, Guaynabo, PR, for Wigberto Lugo Mender, Chapter 7 Trustee for the Estate of the Home of Restaurants, Inc., defendant–appellee.

Before HAINES, HILLMAN, FEENEY, U.S. Bankruptcy Appellate Panel Judges.

PER CURIAM.

Banco Bilbao Vizcaya–Puerto Rico ("BBV") appeals the bankruptcy court's

denial of its motion for reconsideration and motion for relief from judgment. For the reasons set forth below, we affirm.

## Background

Following The Home Restaurants, Inc.'s voluntary Chapter 7 bankruptcy petition, approximately fourteen months expired before the bankruptcy trustee abandoned certain equipment that secured BBV's claims.

Family Restaurants, Inc., and Hector Cuevas Cuevas ("Plaintiffs"), who owned the premises in which the equipment was stored, brought a complaint against BBV and the Chapter 7 trustee, seeking $14,300.00 in administrative rent and asking that BBV be surcharged and ordered to pay it.[1] In his answer, the trustee cross-claimed against BBV, seeking an order that BBV should answer for any liability that might otherwise rest with the estate. Over the course of months following initiation of the adversary proceeding, BBV defaulted repeatedly and substantially in its defense of the Plaintiffs' claim. In the face of those defaults, and after giving BBV several opportunities to cure them and put the case on track for trial on the merits, the bankruptcy court entered judgment against BBV on November 20, 1999. On November 30, 1999, BBV moved for reconsideration and/or relief from the judgment. In a written decision dated April 11, 2000, BBV's request was denied. This appeal followed.

## Standard of Review

■ The parties agree, correctly, that we review the bankruptcy court's orders refusing reconsideration and declining to grant relief from its judgment (on account of "excusable neglect" under Fed.R.Civ.P.

60(b), incorporated into bankruptcy cases by Fed.R.Bankr.P. 9024) for "abuse of discretion." *Hoult v. Hoult,* 57 F.3d 1, 3 (1st Cir.1995); *CRS Steam, Inc. v. Engineering Resources, Inc. (In re CRS Steam, Inc.),* 233 B.R. 901, 904 (1st Cir. BAP 1999).

## Discussion

■ There is little to add to the bankruptcy judge's considered disposition of BBV's requests. The record before us demonstrates BBV's repeated, protracted defaults, as well as its failure to respond to the repeated opportunities the trial court extended it to step up to the plate and defend the adversary proceeding. The court carefully considered BBV's unresponsiveness and multiple defaults and applied the proper legal standards to assess its entitlement to reconsideration and relief from judgment. Only one or two points require comment.

■ First, BBV's attorney insists that her client should not suffer for its attorney's neglect. If that concern ever was one properly considered under circumstances such as those presented here, it no longer has force. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (in determination whether neglect is 'excusable,' "proper focus is upon whether the neglect of [parties] *and their counsel* was excusable") (emphasis in original); *In re A. Cardi Constr. Co. Inc.,* 154 B.R. 403, 407 (Bankr.D.R.I.1993) (imposing sanctions on client and attorney despite client's probable lack of awareness of attorney's meritless arguments, because client " 'cannot . . . avoid the consequences

---

1. The complaint was filed, and judgment was ultimately entered against BBV, before the Supreme Court's decision in *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000). Prior to that decision, this circuit permitted actions brought by creditors, as opposed to the trustee, seeking to surcharge secured creditors for expenses that benefitted the secured creditors' collateral.

of the acts or omissions of [the client's] freely selected agent'") (citation omitted).

Second, BBV has raised a belated contention that the bankruptcy court lacked subject matter jurisdiction over the adversary proceeding. Although the relief granted below may no longer be available after the Supreme Court's decision in *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000), it was entirely appropriate under then-controlling circuit precedent. *See In re Parque Forestal, Inc.*, 949 F.2d 504 (1st Cir.1991). The *Parque Forestal* court squarely held that such a claim was within the bankruptcy court's core jurisdiction, 949 F.2d at 509–10, a proposition unchanged by the *Hartford Underwriters* decision.

### Conclusion

For the reasons set forth above, the decision of the bankruptcy court is **AF-FIRMED**.