Jesus MELENDEZ COLON, Debtor.

Jesus Melendez Colon, Appellant,

v.

Maria Castellanos Rivera and Esperanza Esteban Rodriguez, Appellees.

BAP No. PR 00–092.

United States Bankruptcy Appellate Panel of the First Circuit.

Aug. 21, 2001.

Lyssette Morales Vidal, Caguas, PR, on brief, for appellant.

Roberto Roman Valentin, Bayamon, PR, for appellees.

Before HAINES, HILLMAN and FEENEY, U.S. Bankruptcy Judges.

HAINES, Judge.

Jesus Melendez Colon appeals the bankruptcy court's order denying his § 362(h)[1] motion seeking damages for automatic stay violations committed by his ex-wife, Maria L. Castellanos Rivera, and her state court divorce attorney, Esperanza Esteban Rodriguez. He also appeals the bankruptcy court's *sua sponte* action granting Riv-

---

1. Unless otherwise indicated, all references to the "Code" or the "Bankruptcy Code" and all references to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101 *et seq.*

era retroactive relief from stay for her post-petition pursuit and collection of divorce created support obligations. For the reasons set forth below, we reverse the bankruptcy court's decision denying Colon § 362(h) relief, remand for a determination of damages, and vacate the order granting Rivera retroactive stay relief.

### Background

Jesus Melendez Colon filed for relief under chapter 13 of the Bankruptcy Code on May 29, 1997. The following day he appeared at a previously scheduled hearing regarding interlocutory support issues in Puerto Rico Superior Court (the "divorce court"), where a divorce action with Rivera was pending. He informed Rivera and the divorce court of his bankruptcy filing. That court's May 30, 1997, minutes indicate that further proceedings in the divorce action were to be stayed.[2]

Nevertheless, just three weeks later Rivera filed a contempt motion in the divorce court, alleging Colon's failure to pay certain divorce-related debts. Not content, she filed a second contempt motion on June 27, 1997, and a motion asking for a show cause hearing on July 7, 1997. The record is not precise, but, pursuant to Riv-

era's requests, multiple divorce court hearings ensued. On at least some occasions Colon insisted that Rivera was required to seek relief from stay in the bankruptcy court in order to continue her collection efforts. It appears that Colon delivered $6,678.41 in cash, obtained from liquidation of a retirement account, to Rivera during a divorce court hearing on July 16, 1997.

In response to the continuing divorce court litigation, Colon filed a motion in the bankruptcy court seeking enforcement of the automatic stay on October 22, 1997.[3] Colon amended his motion the next day.[4] Colon alleged that Rivera continued to pursue alleged child support arrears and attorney fee awards in the divorce court in violation of the automatic stay.[5]

The bankruptcy court immediately issued an order directing Rivera to show cause within ten days why the contempt motion should not be granted. On December 31, 1997, after receiving an extension, Rivera replied. She admitted most of the contempt motion's factual allegations, but argued that her post-petition collection efforts were excepted from the automatic stay by § 362(b)(2)(B).[6]

---

2. The divorce court did not issue a written stay order until November 3, 1997. A stay order reflected in the minutes of the May 30, 1997, hearing was apparently never reduced to writing. In any event, its existence was conceded by Rivera's counsel in her reply to Colon's motion for sanctions.

3. The motion was styled "Expedited Motion Requesting Order to Show Cause to Attorney for Debtor's Ex-spouse and/or Superior Court Judge for Bayamon Ward & Spouse Why They Should Not be Held in Contempt & Request for State Court Proceedings." He likely named the divorce court judge as a respondent because of an impending threat of arrest from that court for the alleged failure to pay certain marital support debts.

4. For ease of reference, the motion, as amended, will be referred to as the "contempt motion."

5. Colon alleged at least four post-petition divorce court filings by Rivera, and at least eight post-petition divorce court hearings, all with the purpose of collecting pre-petition, divorce-based obligations.

6. Section 362(b)(2)(B) states:
   (b) The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—
   . . .
   (2) under subsection (a) of this section—
   . . .
   (B) of the collection of alimony, maintenance, or support from property that is not property of the estate.

After extended pretrial proceedings, the bankruptcy court scheduled trial for March 22, 1999. The parties' joint pretrial report, filed March 3, 1999, set forth five issues in controversy, as follows:

1. Have defendants violated the automatic stay?

2. Are defendant's [sic] acts protected under § 362(b)(2)(B)?

3. Are co-defendants liable in damages and/or attorney fees?

4. Can co-defendants individually be held liable under FRBP 9011?

5. The extent of debtor's damages.

Trial was rescheduled for May 6, 1999, but did not convene. Instead, the bankruptcy court entered the following order:

The parties will submit simultaneous motions supporting their positions for the court to make a final determination on the violation of stay issue by September 1, 1999 by 5:00 PM; if needed, the Court will schedule a hearing to determine damages at a later date; the clerk will follow up and refer the documents and file to chambers; debtor's objection as to the relevancy of the documents that defendants will produce is Denied; the Court will give the documents the weight that may be necessary[.]

On September 1, 1999, Rivera filed her "Motion for Judgment by Pleadings." On November 22, 1999, following two extensions of time, Colon filed his "Request for Judgment on Pleadings, or Summary Judgment & Brief in Support Thereof."

Without further hearings, the bankruptcy court issued its written ruling on August 30, 2000. Treating the parties' submissions as motions for summary judgment, the bankruptcy court concluded that, under § 541 and Puerto Rico law, when a spouse files for bankruptcy under chapter 13 of the Code, all of that spouse's property, including community property, becomes property of the estate. The court determined that Rivera was informed of Colon's petition as of May 30, 1997, and that her post-petition divorce court filings and collection efforts were clear violations of the automatic stay. The bankruptcy court specifically rejected Rivera's contention that her actions fell within the exception of § 362(b)(2)(B).

Having determined that Rivera's actions violated the automatic stay and were therefore void, *see Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 976 (1st Cir.1997), the bankruptcy court proceeded to ascertain whether, in light of the limiting principles of *Soares,* Rivera's actions should be *retroactively* blessed— even though Rivera had never requested such relief. It determined that Colon's liquidated retirement account proceeds, the bulk of which were turned over to Rivera during a contempt hearing on July 16, 1997, had not been listed as an asset on his bankruptcy schedules, nor were they the subject of any turnover action by the chapter 13 trustee or any creditor. The bankruptcy court also considered that because Colon's debt to Rivera was both priority and nondischargeable she was entitled to full payment in any event, and under Colon's Chapter 13 Plan, which called for paying Rivera 100% of any valid support arrears, no creditor was prejudiced as a result of the proceeds having been paid to Rivera. Finally, the court concluded that if Rivera were ordered to return the funds she had collected post-petition, she would also be liable for penalties and attorney fees, to her detriment and the detriment of Colon's family.

Concluding that forcing Rivera to return the funds she had collected would lead to an "unjust and absurd result," the bankruptcy court granted relief from stay to Rivera retroactively to May 29, 1997, the date Colon filed his chapter 13 petition,

and prospectively for the purpose of collecting unpaid child support. This appeal ensued.

### Jurisdiction

Pursuant to 28 U.S.C. §§ 158(a) and (c), we may hear appeals from "final judgments, orders, and decrees," 28 U.S.C. § 158(a)(1), or "with leave of the court, from interlocutory orders and decrees." 28 U.S.C. § 158(a)(3). A party takes an appeal of a 28 U.S.C. § 158(a)(1) final order "as of [r]ight" by filing a timely notice of appeal. Fed.R.Bankr.P. 8001(a).

■ The bankruptcy court's order granting Rivera retroactive relief from stay (and denying Colon's § 362(h) motion) is a final order appealable "as of right." *Tringali v. Hathaway Mach. Co., Inc.*, 796 F.2d 553, 557–58 (1st Cir.1986). *See Caterpillar Fin. Servs. Corp. v. Braunstein (In re Henriquez)*, 261 B.R. 67, 70 (1st Cir. BAP 2001).

### Standard of Review

■ The bankruptcy court's grant of retroactive relief from stay was a discretionary ruling, which requires us to determine whether the court abused its discretion. *In re Soares*, 107 F.3d at 973 n. 4. A panel of this court has recently described the abuse of discretion standard as follows:

Judicial discretion is necessarily broad— but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.

7. The appellant does not challenge the court's procedural path to decision, only the decision itself. Were it otherwise, we would expressly address the impropriety of judicial fact finding in the summary judgment context. *Cf.*

*Perry v. Warner (In re Warner)*, 247 B.R. 24, 25 (1st Cir. BAP 2000) (*quoting Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg., Co.*, 864 F.2d 927, 929 (1st Cir.1988)). We are thus charged with reviewing the appropriateness of the factors considered (or ignored), as well as the court's weighing of those factors.[7]

### Discussion

■ The bankruptcy court properly rejected Rivera's argument that her repeated post-petition efforts to collect divorce-related obligations were excepted from the automatic stay by § 362(b)(2)(B). The record was uncontroverted on the point. Rivera's (sometimes successful) actions to collect the obligations from Colon's liquidated retirement funds and his post-petition earnings necessarily involved pursuit of estate property since the Chapter 13 estate includes not only pre-petition assets, but the property and earnings acquired and ·earned post-petition as well. Moreover, it is undeniable that Colon's stay violations were "willful" within the meaning of § 362(h) under our circuit's precedent. *See Fleet Mortg. Group, Inc. v. Kaneb*, 196 F.3d 265, 269 (1st Cir.1999) ("A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under § 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation").

■ Having concluded that Rivera's actions violated the automatic stay, the court was obliged to consider Colon's damages claims. 11 U.S.C. § 362(h)(individual injured by willful stay violation "shall recov-

*United Paperworkers Int'l. Union, Local 14 v. Int'l Paper Co.*, 64 F.3d 28, 31 (1st Cir.1995) (summary judgment proceedings require trial court to make a legal determination "rather than to engage in factfinding").

er" damages). In contradiction of its May 6, 1999, order, the court instead decided *sua sponte* that the stay would be modified retroactively to validate Rivera's otherwise unlawful (and void) post-petition actions— a conclusion it reached without informing the parties it was even considering the issue and without a pending motion from Rivera seeking relief from stay.[8]

We have scrutinized the record. There is no indication, short of the court's written decision, that the question of retroactive stay relief was ever raised by, or suggested to, the parties. The pertinent pleadings framed the issues as relating to asserted stay violations, rather than potential stay relief or modification.[9] The court's own order requiring the parties to submit "dispositive pleadings," described the controversy as the "violation of stay issue," and reserved only the damages issues for later consideration. It was a clear abuse of discretion, amounting to a denial of due process, for the bankruptcy court to grant Rivera retroactive relief from stay with no notice to the parties that such a result might be in the offing.

■■■■ The automatic stay is, as recognized above, "among the most basic of debtor protections under bankruptcy law." *In re Soares*, 107 F.3d at 975. Courts "must display a certain rigor in reacting to violations of the automatic stay." *Id.* at 975–76. Concerned that retroactive relief might become common, thus tempting

creditors to pursue claims "heedless of the stay" and forcing debtors to defend out of fear that the creditor's action will later be resuscitated, the *Soares* court made clear that "retroactive relief should be the long-odds exception," with a "strict standard." *Id.* at 977. Discretion to grant retroactive relief is "limited," and "instances in which the exercise of that discretion is justified are likely to be few and far between." *Id.* The facts that would lead a court to grant retroactive relief must be "both unusual and unusually compelling." *Id.*

■■■■ Procedural due process requires notice and an opportunity to be heard. *E.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). These requirements must be strictly observed when, as in this case, a court proposes to fundamentally alter the automatic stay, "among the most basic of debtor protections under bankruptcy law." *In re Soares*, 107 F.3d at 975. To order such an extraordinary step without alerting the parties and providing them an opportunity be heard and to develop a record on the question is impermissibly unfair.

---

**8.** A party seeking stay relief is generally required to file a motion by § 362(d) and Fed. R.Bankr.P. 4001, 9014. Unless the motion is brought with the consent of affected parties, a filing fee is required. *See* 28 U.S.C. § 1930(b) (authorizing Bankruptcy Court Fee Schedule). To be clear, we do not hold that, in the absence of a formal, filed motion, a creditor may *never* be granted stay relief, retroactive or otherwise. There may be instances, including those where the issue is raised by the court, when such relief could be granted. But to be lawful, those instances must be accompanied by fair notice and an opportunity to be heard.

**9.** Rivera's "Motion for Judgment by Pleadings" sets forth two issues for decision: (1) "Whether Defendants actions before the State Court fall under the Section 362(b)(2)(B) exception to the automatic stay;" and (2) "If not, whether Defendants actions constitute an 'intentionally and willfully violation' [sic] of the automatic stay."

A basic problem in making decisions without permitting the parties to be heard is present here: namely, ruling without a reliable depiction and/or testing of the facts. The bankruptcy court made reference to several facts supporting its view that retroactive relief was warranted. Among these were Colon's alleged failure to maintain contact with his children, his failure to provide a car for Rivera and her (their) children, and his "serious pre and post-petition default record for failing to pay child support, forcing [Rivera] to resort to judicial action on several occasions." There is no evidentiary support for these "findings" in the record. In his appellate submissions, Colon vigorously denies them all.

The bankruptcy court justified its ruling by the end result, reasoning that Rivera would have to receive payment in full under Colon's Chapter 13 plan. *See* § 1322(a)(2), § 507(a)(7). That reasoning ignored § 362's purpose of providing the debtor with a "breathing spell from ... creditor harassment." 2 William L. Norton, Jr., et al., *Norton Bankruptcy Law and Practice 2d* § 36:4 at 36–7 (1997). The court improperly considered how it might have treated a motion for relief from stay had Rivera filed it at the outset of the case. The two examples of appropriate cases for retroactive relief outlined in *Soares* involve essentially "innocent" creditors. Although we do not opine that a less-than-innocent creditor may never qualify for retroactive relief, we have difficulty imagining a case where a creditor who consciously and repeatedly violates the stay over an extended period (like Rivera did) would be entitled to retroactive relief.

### Conclusion

For the reasons set forth above, we vacate the decision of the bankruptcy court granting Rivera retroactive relief from the automatic stay. We reverse the order denying Colon § 362(h) relief, and remand for a hearing on damages.